**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAMES ALAN REED,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-477-GKF-PJC** |
| | ) | |
| **TRACY McCOLLUM, Warden,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  Petitioner is a state inmate appearing pro se.  Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 18).  Petitioner has filed two responses to the motion to dismiss.  See Dkt. ## 19, 22.  For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed without prejudice for failure to exhaust state remedies.

### *BACKGROUND*

On May 27, 2011, at the conclusion of a non-jury trial, Petitioner was convicted of Robbery by Force or Fear, After Former Conviction of Two or More Felonies, in Washington County District Court, Case No. CF-2009-461.  On July 25, 2011, the trial judge sentenced Petitioner to life in prison, a fine of $5,000, and a victim compensation assessment of $5,000.  Petitioner was advised that this was an 85% crime.  Petitioner was represented at trial by attorney Mark Kane.

---

[1]Pursuant to Rule 2(a), Rules Governing Section 2254 Cases, the proper respondent in this case is the state officer who has custody of Petitioner.  Tracy McCollum is the current warden of Oklahoma State Reformatory where Petitioner is in custody.  Therefore, Tracy McCollum is the state officer who has custody of Petitioner and is the proper respondent.  The Court Clerk shall be directed to add Tracy McCollum, Warden, as Respondent.  The State of Oklahoma is dismissed from this action.

Petitioner filed a timely direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney S. Gail Gunning, Petitioner raised one proposition of error, as follows:

Proposition 1: Appellant's sentence of life imprisonment is excessive and should be modified on appeal.

(Dkt. # 18-1). The OCCA filed an unpublished summary opinion on July 10, 2012, affirming Petitioner's judgment and sentence. (Dkt. # 18-3). Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor did he seek post-conviction relief in the Oklahoma state courts.

Petitioner filed the instant petition for writ of habeas corpus on June 20, 2013 in the United States District Court for the Western District of Oklahoma. (Dkt. # 1). The petition was properly transferred to this Court, the Northern District of Oklahoma, on July 26, 2013. Upon careful review of the petition, the Court finds that Petitioner appears to assert three propositions of error: (1) unlawful imprisonment by use of subterfuge and fraud, (2) prosecution of Petitioner under the wrong name, and (3) wrongful conviction. (Dkt. # 1). In response to the Petition, Respondent argues that Petitioner has failed to exhaust state remedies and that the petition should be dismissed. See Dkt. # 18.

## ANALYSIS

As a preliminary matter, the Court again recognizes, see Dkt. # 12 at 1 n.1, Petitioner's ongoing objection to the finding that this action is authorized by 28 U.S.C. § 2254. See Dkt. ## 7, 16, 19, 23. In his petition, Petitioner requests "the Court to order the Writ of Habeas Corpus and set me free." (Dkt. # 1 at 3). Petitioner further states that he "does not allege that there is an invalid conviction," but at the same time states that "there is no legitimate legal conviction against him and never was" (Dkt. # 16), and that he has "never been tried or convicted of any specific crime" (Dkt.

# 23).  In Petitioner's "motion to remove respondent," he states, "I don't know which Federal Statute is relevant to having been kidnapped,[2] and setup by corrupt corporate and government interest, but I am sure this Court does."  (Dkt. # 16).  Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Despite Petitioner's attempts to recast the nature of his claims, the Court finds that because Petitioner asserts that he has "no legitimate legal conviction" and that, as a result, he is unlawfully incarcerated by the State of Oklahoma, this action is governed by 28 U.S.C. § 2254.  Therefore, over Petitioner's repeated objections, the Court again finds that the remedy for Petitioner's claims is provided by 28 U.S.C. § 2254.

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."  Coleman v. Thompson, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is based on the doctrine of comity.  Rose v. Lundy, 455 U.S. 509, 518-19 (1982).  Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

---

[2]To the extent Petitioner seeks to file a criminal complaint against an official of or the State of Oklahoma, he lacks authority.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). In other words, Petitioner has no "standing to institute a federal criminal prosecution and no power to enforce a criminal statute."  Smith v. Nat'l City Mortg., No. 09-881, 2010 WL 3338537 (W.D. Tex. Aug. 23, 2010) (unpublished) (citations omitted).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court); Wilson v. Workman, 577 F.3d 1284, 1294 (10th Cir. 2009) (en banc) ("The allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." (citation and internal quotation marks omitted)). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

The burden of proving exhaustion rests with the prisoner. See Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman, 501 U.S. at 731-32. If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); accord Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997); see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their

4

unavailability . . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

Respondent argues that Petitioner presents a new claim in his habeas petition and "never sought post-conviction relief on his unexhausted claim[s]." (Dkt. # 18 at 2). After a review of the petition and the state record, this Court agrees with Respondent. Petitioner's single ground raised on direct appeal, and the only ground the OCCA considered, was that Petitioner's life sentence was excessive. Petitioner does not raise that claim in his habeas petition. Thus, all of the claims before this Court are unexhausted.

The Court further finds that Petitioner has an available state remedy, an application for post-conviction relief. It may not be futile to require Petitioner to return to state court to present his constitutional claims in an application for post-conviction relief filed in Washington County District Court, Case No. CF-2009-461. Petitioner is advised that pursuant to Okla. Stat. tit. 22, § 1086, the state courts of Oklahoma routinely impose a procedural bar on claims that could have been but were not raised in a prior proceeding, including on direct appeal. However, the state courts may consider a petitioner's claims if he is able to demonstrate "sufficient reason" for his failure to raise the claims in a prior proceeding. See Okla. Stat. tit. 22, § 1086.

In summary, the claims raised in this petition are unexhausted and Petitioner has an available remedy, an application for post-conviction relief filed in Washington County District Court, Case No. CF-2009-461. If the state district court denies the request for post-conviction relief, Petitioner must file a post-conviction appeal in the OCCA. Should Petitioner fail to obtain relief from the state courts, he may file a new federal petition for writ of habeas corpus in this Court raising any claim he has fairly presented to the OCCA. Petitioner is advised that any subsequent petition for writ of

habeas corpus must be filed within the time remaining in the 1-year limitation period, if any.  <u>See</u> 28 U.S.C. § 2254(d).

Therefore, Respondent's motion to dismiss for failure to exhaust state remedies shall be granted. The petition shall be dismissed without prejudice.  In light to today's Opinion and Order, any pending motion is declared moot.

### *CERTIFICATE OF APPEALABILITY*

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).  In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or incorrect.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.  A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     The Court Clerk shall **add** Tracy McCollum, Warden, as party Respondent.  The State of

Oklahoma is **dismissed** from this action.

2.     Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 18) is **granted**.

3.     The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure

to exhaust state remedies.

4.     Any pending motion is declared **moot**.

5.     A certificate of appealability is **denied**.

6.     A separate judgment shall be entered in this matter.

DATED THIS 7th day of November, 2013.


GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT